# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RICKY P. HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-3380-SSA-CV-S-WAK |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Claimant Ricky Paul Howard seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on July 15, 2003. The parties' briefs were fully submitted, and on March 21, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Claimant Ricky Paul Howard was born in 1958 and has a high school education.  He is six feet one inch tall and weighs approximately 258 pounds.  He has past relevant work as a truck driver.  He claims he is disabled due to a combination of conditions, including, but not limited to, a shoulder injury, chest pain, diabetes, back and hip pain, and right leg numbness. Howard states he gets chest pain and takes nitroglycerin, needs to lie down regularly for fatigue, is diabetic, has pain, and has very limited daily activities.

The administrative law judge (ALJ) found Howard could not return to his former work as a truck driver, but retained the residual functional capacity to perform a significant number of

2

Case 6:06-cv-03380-WAK   Document 11   Filed 04/23/07   Page 2 of 4

jobs in the light or sedentary exertion range. Examples of such jobs identified by the vocational expert were ticket taker and messenger or office helper.

The ALJ noted Howard had a good work history prior to his shoulder injury, but concluded many of the restrictions on his daily activities were more a matter of choice than medical proscription. She discredited the opinions of a physician who examined claimant for his workers compensation claim and of a vocational rehabilitation counselor who evaluated him[2], because the opinions were not consistent with the medical records and other evidence. She noted the medical records indicated Howard's heart condition was stable and that he had worked for a number of years with that condition. Howard also performed light duty work for a period of time after his alleged onset date, which implied he had the stamina to perform some work and made his allegation of needing to regularly lie down less credible.[3] She noted the physician who treated Howard's shoulder placed only a limited permanent work restriction of not lifting more than twenty pounds and not reaching above shoulder level. Likewise, he was not on strong pain medications.

Howard asserts the ALJ erred by not considering all of his impairments in combination, in giving greater weight to his subjective complaints of pain, and in the hypothetical posed to the vocational expert. Having reviewed the record as a whole, the court finds there is substantial evidence on the record as a whole to support the conclusions reached by the ALJ. The ALJ discussed Howard's impairments, including the medical findings, and set forth reasons for her conclusions.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). A claimant's complaints of pain or symptoms "shall not alone be conclusive evidence of disability . . . there must be medical signs

---

[2] The court notes that Howard's work attempts through rehabilitation services may not have been representative. There is no evidence indicating the work attempts were at the light or sedentary exertion levels.

[3] Howard's medical records do not indicate that he reported to his treating physicians his need to lie down several times each day because of pain or fatigue, or that those physicians recommended such frequent rest.

3

and findings, established by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. § 423(d)(5)(A).

The ALJ may not disregard subjective complaints merely because there is no evidence to support the complaints, but may disbelieve subjective reports because of "inherent inconsistencies or other circumstances." Eichelberger v. Barnhart, 390 F.3d 584, 589 (8th Cir. 2004). They may be discounted when they are inconsistent with medical reports, daily activities or other such evidence, but the decision to discredit those complaints must be supported by substantial evidence on the record as a whole. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

In this case, the ALJ noted the factors to be considered before setting forth what she considered to be determinative inconsistencies in the record. Her reasons for discounting Howard's subjective complaints, Dr. Paul's opinion, and the opinion of the vocational counselor were supported by substantial evidence.

The administrative decision must be upheld if there is substantial evidence on the record as a whole to support the conclusion that the claimant is not disabled. Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993); Baker v. Secretary of Health and Human Services, 955 F.2d 552, 554 (8th Cir. 1992).

Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 23rd day of April, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge